**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Medcenter One Health Systems and ) <br> St. Alexius Medical Center, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> Michael O. Leavitt, Secretary, ) <br> Department of Health and Human Services, ) <br> ) <br> Defendant. ) | **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** <br><br><br><br><br> Case No. 1:08-cv-063 |

Before the Court is the Defendant's "Motion Under Fed. R. Civ. P. 59(e) for Reconsideration of the Court's Order of October 13, 2009" filed on October 27, 2009. See Docket No. 40. The Plaintiffs filed a response in opposition to the motion on November 6, 2009. See Docket No. 43. The Defendant filed a reply brief on November 16, 2009. See Docket No. 44. For the reasons set forth below, the motion is denied.

**I.    BACKGROUND**

Plaintiffs Medcenter One Health Systems and St. Alexius Medical Center are hospitals located in Bismarck, North Dakota. The hospitals participate in a three-year family practice residency program operated in conjunction with the University of North Dakota School of Medicine. The hospitals submit quarterly and yearly cost reports to the Department of Health and Human Services for reimbursement of the costs incurred in training their own residents at the Family Practice Center. Prior to 1999, the hospitals were reimbursed for the direct and indirect costs that they incurred in training their own residents at the Family Practice Center.

During the years 1999, 2000, and 2001, Medcenter One and St. Alexius each claimed a share of the full-time equivalent residents that rotated through the Family Practice Center. The University billed each of the hospitals for the costs that were not paid by other university sources. Fiscal intermediaries, acting on behalf of the Defendant denied the hospitals Medicare reimbursement in 1999-2001, for the direct and indirect costs incurred in training their residents at the Family Practice Center. The hospitals' cost reports were adjusted in the amount of $283,115 for Medcenter One and $105,309 for St. Alexius for a total adjustment of $388,424.[1] The hospitals appealed the cost adjustments to the Department of Health and Human Services Provider Reimbursement Review Board.

On July 11, 2007, the Review Board conducted a hearing of the hospitals' appeal. On February 26, 2008, the Review Board issued a decision in favor of the hospitals. See Docket No. 12, p. 30. The Administrator of the Centers for Medicare and Medicaid Services, acting under authority delegated by the Secretary, exercised his discretion and reviewed the Board's decision. On April 25, 2008, the Administrator issued a decision in which he affirmed the fiscal intermediaries' decision and reversed the Board's decision, finding that the hospitals failed to meet the statutory and regulatory requirements for reimbursement of direct and indirect costs for residency training. See Docket No. 12, p. 2. On June 27, 2008, the hospitals filed a complaint in federal district court for judicial review of the agency decision.

The parties filed motions for summary judgment on December 1, 2008 and January 9, 2009. See Docket Nos. 15 and 21. Oral argument on the motions was held in Bismarck, North Dakota on

---

[1] Medcenter One's direct and indirect costs were adjusted in the following manner: fiscal year ending December 31, 1999 – $52,860 for direct costs and $109,643 for indirect costs ($162,503 total); and fiscal year ending December 31, 2000 – $106,697 for direct costs and $13,915 for indirect costs ($120,612 total). St. Alexius's direct and indirect costs were adjusted in the following manner: fiscal year ending June 30, 2001 – $53,445 for direct costs and $51,864 for indirect costs ($105,309 total). The total costs amount to $388,424.

2

October 1, 2009. On October 13, 2009, the Court issued an order granting the Plaintiffs' motion for summary judgment and denying the Secretary's motion. See Docket No. 38. The Court found that the Administrator improperly applied the 2003 interpretation of the Medicare Act to the Plaintiffs' 1999, 2000, and 2001 cost reports and, therefore, the Administrator's decision was arbitrary and capricious. The Court entered judgment for the Plaintiffs for all of the direct and indirect costs disallowed by the Secretary for the fiscal years 1999, 2000, and 2001.

The Secretary now moves the Court to reconsider its October 13, 2009 order as to (1) the Court's determination that "the issue of whether the Plaintiffs met the written [agreement] requirements under 42 C.F.R. § 413.86(f)(4) is not a relevant issue before the Court in this dispute," and (2) the Court entering judgment rather than remanding the case to the Secretary. See Docket No. 41. With respect to the written agreement requirement, the Secretary states,

> The Court's Order Granting Plaintiffs' Motion for Summary Judgment and denying Defendant's Motion for Summary Judgment ("Order") at page 16, incorrectly stated that the written agreement requirements of 42 C.F.R. § 413.86(f)(4) did not "form a basis for the Administrator's final decision." Contrary to the Court's Statement, the CMS Administrator reviewed the written agreement documentation submitted by the Plaintiff hospitals in making the determination that neither hospital paid, "all, or substantially all, of the costs for the training program" in the non-hospital setting, as required by the applicable statute and regulations. The CMS Administrator determined, in the final agency decision, that "neither Provider can show that, under the [written] agreement terms, or otherwise, they paid all or substantially all of the costs of the program."
>
> . . .
>
> Furthermore, the Court incorrectly concluded at page 16 of its Order that "the Department of Health and Human Services conceded that the hospitals met the written agreement requirements of 42 C.F.R. § 413.86(f)(4)." In doing so, the Court cited statements by the fiscal intermediary and the Provider Reimbursement Review Board, ("PRRB") to that effect. It is well established, however, that the Secretary is not bound by representations or even stipulations made by a fiscal intermediary before the PRRB.
>
> . . .

3

> The Court is mistaken in stating that the issue of whether the Plaintiffs met the written agreement requirements is not a relevant issue.

See Docket No. 41.

The Plaintiffs contend that the Secretary has not provided any newly-discovered evidence, nor has the Secretary shown a manifest error of law or fact to warrant Rule 59(e) relief. The Plaintiffs state, "the Secretary's motion does not even allege (as required for Relief under Rule 59(e)) that this Court acted in complete disregard of the controlling law or credible evidence in the record. Rather, the Secretary is merely asking the Court to revisit a previously decided issue and to order a needless additional procedure in the form of a remand." See Docket No. 43.

## II.   STANDARD OF REVIEW

The Eighth Circuit has held that "[a]lthough the Federal Rules of Civil Procedure do not mention motions to reconsider, we have held that when the motion is made in response to a final order . . . Rule 59(e) applies." Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000) (citing Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999)). Rule 59(e) allows the Court to alter or amend its judgment upon a motion filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). The Eighth Circuit has explained that Rule 59(e) "was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (citing Norman v. Ark. Dep't of Educ., 79 F.3d 748, 750 (8th Cir. 1996)). "Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" Innovative Home Health Care, 141 F.3d at 1286 (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988)). "Rule 59(e) permits a court to alter or amend a judgment,

but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Exxon Shipping Co. v. Baker, 128 S. Ct. 2605, 2617 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-28 (2d ed. 1995)). District courts enjoy broad discretion in ruling on Rule 59(e) motions. Capitol Indem. Co. v. Russellville Steel Co., Inc., 367 F.3d 831, 834 (8th Cir. 2004).

### III.  LEGAL DISCUSSION

#### A.  WRITTEN AGREEMENT

In the October 13, 2009 order, the Court noted that the Administrator addressed the issue of the written agreement requirement in a footnote which provides, in part:

> The Administrator notes that, up to the time of the filing of position papers, the Intermediary maintained that the Providers did not meet the documentation requirement of a written agreement. The Intermediary stated in its position paper that the Providers "may" have met the documentation requirements through submissions made in its appeal. While that issue was not further addressed before the Board, the Administrator finds that the documents at P-7 do not, on their face, appear to set forth all the requirements of a written agreement of 42 CFR 413.86.

See Docket No. 38, p. 15 (quoting Docket No. 12, p. 11, n.16). Despite this footnote, the Administrator's decision primarily addressed whether the Plaintiffs met the "all or substantially all" requirement under the applicable statutes and regulations. The Administrator concluded that "the requirement to incur 'all, or substantially all,' of the costs of the program was not met by the Providers in this case." See Docket No. 12, p. 14. It is clear that the primary basis for the Administrator's decision was that Medcenter One and St. Alexius each paid 50-percent of the residual costs relating to the Family Practice Center and, therefore, neither hospital paid "all or substantially all" of the costs. Accordingly, the Court made the determination that the written agreement requirement of 42 C.F.R. § 413.86(f)(4) did not form a basis for the Administrator's final decision.

The Secretary has failed to provide any evidence that the Court made a manifest error of law or fact in determining that the Administrator of Centers for Medicare and Medicaid Services reversed the PRRB's decision on the basis of the "all or substantially all" requirement, and that the written agreement requirement under 42 C.F.R. § 413.86(f)(4) did not form the basis for the Administrator's decision. Nor has the Secretary provided newly-discovered evidence to warrant a reconsideration of the Court's October 13, 2009 order. The parties were given a full opportunity to brief and orally argue the issue. The Court ultimately found the Secretary's argument unpersuasive. The Secretary's Rule 59(e) motion merely rehashes facts and attempts to resurrect evidence that the Court has already evaluated in granting the Plaintiffs' summary judgment motion and denying the Secretary's summary judgment motion. The Court denies the Secretary's Rule 59(e) motion as to the written agreement requirement.

### B.     **JUDGMENT ENTERED**

The Secretary also moves the Court to reconsider its decision entering judgment, and requests that the case be remanded to the Secretary for a determination of the precise amount of Medicare reimbursement due to the Plaintiffs. The Secretary contends that "a remand . . . is necessary so that the cost report years in question can be reopened, and the legal issue decided by the Court applied to the Plaintiff hospitals' cost reports for the years at issue. The Secretary does not request remand to delay implementation of the Court's ruling, as Plaintiffs suggest. Rather, the Secretary requests remand so the agency can take the necessary administrative actions to implement the Court's order." See Docket No. 44.

Neither statutory law nor common law require a remand to the agency when reversing the Secretary's decision. Nothing in the Medicare Act, 42 U.S.C. § 1395 et seq., or the Administrative

Procedure Act, 5 U.S.C. § 701 et seq., prohibits a court from reversing the Secretary's decision outright.  Remand of this case is unnecessary because the Court has resolved all legal issues in the October 13, 2009 order.  The precise amount of Medicare reimbursement due was easily calculated by the Court and did not appear to be a major issue of dispute between the parties.  The necessity of a remand to perform a relatively simple mathematical calculation is unnecessary.  The Secretary has improperly withheld reimbursement to the Plaintiffs.  A remand would cause further delay to the detriment of the Plaintiffs.  The Court finds that the Secretary has failed to present any newly-discovered evidence which needs to be addressed on remand, and that the entry of judgment is not a manifest error of law.

The Court finds that the Secretary has failed to meet the standards under Rule 59(e) of the Federal Rules of Civil Procedure.  The Secretary's "Motion Under Fed. R. Civ. P. 59(e) for Reconsideration of the Court's Order of October 13, 2009" (Docket No. 40) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 21st day of December, 2009.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court