# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Medcenter One Health Systems and | ) | |
| St. Alexius Medical Center, | ) | |
| | ) | **ORDER GRANTING PLAINTIFFS'** |
| Plaintiffs, | ) | **MOTION FOR COSTS** |
| | ) | |
| vs. | ) | |
| | ) | |
| Michael O. Leavitt, Secretary, | ) | |
| Department of Health and Human Services, | ) | Case No. 1:08-cv-063 |
| | ) | |
| Defendant. | ) | |

Before the Court is the Plaintiffs' "Motion for Costs (Stipulated in Part)" filed on October 27, 2009. See Docket No. 42. The Defendant did not file a response. For the reasons set forth below, the motion is granted.

The plaintiffs, Medcenter One Health Systems and St. Alexius Medical Center, move for entry of an order awarding them costs in the amount of $1,466.69 pursuant to Fed. R. Civ. P. 54(d), Local Civil Rule 54.1, and 28 U.S.C. § 2412(a). Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, the Plaintiffs, as the prevailing party, are entitled to recover costs from the Defendant. The Plaintiffs seek the following costs:

(a) filing fee in the amount of $350.00, authorized by 28 U.S.C. § 1920(1);

(b) cost of transcription in the amount of $399.44, authorized by 28 U.S.C. § 1920(2);

(c) costs of obtaining copies necessary for reasonable use in the case in the amount of $317.25, authorized by 28 U.S.C. § 1920(4); and

(d) pro hac vice admission costs in the amount of $400.00, authorized by Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894 (8th Cir. 2009).

See Docket No. 42.  The Defendant stipulates to the costs enumerated in (a), (b), and (c), and does not stipulate to the costs in (d).

Taxation of costs is governed by 28 U.S.C. § 1920 and governed by Rule 54(d) of the Federal Rules of Civil Procedure.  28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Neither Rule 54 nor 28 U.S.C. § 1920 specifically authorizes recovery for pro hac vice fees.  Many courts have determined that pro hac vice fees are not recoverable under 28 U.S.C. § 1920.  The Eighth Circuit Court of Appeals is not one of these courts.  In the recent case of Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894 (8th Cir. 2009), the Eighth Circuit held that pro hac vice fees are fees that are recoverable under 28 U.S.C. § 1920.

In accordance with the stipulation of the parties and Craftsmen Limousine, Inc., the Court finds that the Plaintiffs are entitled to all of the costs requested.  "There is no requirement under Rule 54 that a district court provide a detailed review or analysis of every item of cost it awards; rather, '[a] prevailing party is presumptively entitled to recover all of its costs.'" Craftsmen Limousine, Inc., 579 F.3d at 896-

97 (quoting <u>Thompson v. Wal-Mart Stores, Inc.</u>, 472 F.3d 515, 517 (8th Cir. 2006)).  The Plaintiffs' "Motion for Costs (Stipulated in Part)" (Docket No. 42) is **GRANTED**.  The Plaintiffs are awarded costs in the amount of $1,466.69, to be taxed by the Clerk against the Defendant.

    **IT IS SO ORDERED.**

    Dated this 21st day of December, 2009.

                                  */s/ Daniel L. Hovland*
                                  Daniel L. Hovland, District Judge
                                  United States District Court